# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
NOV 29 2007
CLERK OF THE SUPERIOR COURT
BY: C. HARTMAN, DEPUTY CLERK

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
C.R. Bard, Inc., Davol, Inc., and Does 1 thru 100

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
Rocky Bland

**You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.**

**There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.**

***Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.***

***Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.***

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SHASTA
1500 Court St.,Rm 205
Redding, CA 96001

CASE NUMBER: *(Número del Caso):* 161776

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lawrence S. Paikoff (Bar # 191732)
Law Offices of Lawrence S. Paikoff
2300 Bell Executive Lane, Sacramento, CA 95825
Phone No. (916) 929-6000
Fax No. (916) 929-5137

DATE: *(Fecha)* NOV 29 2007 Clerk, by *(Secretario)* C. HARTMAN, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [X] on behalf of *(specify)*:

under:
- [ ] CCP 416.10 (corporation)
- [ ] CCP 416.20 (defunct corporation)
- [ ] CCP 416.40 (association or partnership)
- [ ] CCP 416.60 (minor)
- [ ] CCP 416.70 (conservatee)
- [ ] CCP 416.90 (authorized person)
- [ ] other *(specify)*:

4. [ ] by personal delivery on *(date)*:

RODNEY A. KLEIN, ESQ. CA BAR #035541
LAWRENCE S. PAIKOFF, M.D., J.D. CA BAR #191732
2300 Bell Executive Lane
Sacramento, California 95825
(916) 929-6000

Attorney for Plaintiff

FILED
NOV 13 2007
CLERK OF THE SUPERIOR COURT
BY: C. HARTMAN, DEPUTY CLERK

IN THE SUPERIOR COURT OF CALIFORNIA,
FOR THE COUNTY OF SHASTA

ROCKY BLAND,

Plaintiff,

vs.

C.R. BARD, INC., DAVOL, INC.; and DOES 1 through 100 inclusive

Defendants.

CASE NO. 161776

**COMPLAINT FOR DAMAGES FOR PRODUCTS LIABILITY,**

DEMAND FOR JURY TRIAL
1. Strict Liability-Manufacturing Defect
2. Strict Liability-Failure to Warn
3. Negligent Manufacturing
4. Negligent Failure to Warn
5. Negligence Per Se
6. Breach of Implied Warranty
7. Breach of Express Warranty
8. Deceit by Concealment
9. Negligent Misrepresentation

**INTRODUCTION**

This case involves the surgical mesh know as the Bard Composix Kugel Hernia Patch (herein after the "mesh"), which was designed, manufactured, sold, distributed and promoted by defendants for surgical implantation. This mesh had defects. The defects include, defects in the memory recoil ring, which caused the ring to break, and these defects damaged abdominal structures as occurred with the Plaintiff. The Food and Drug Administration recalled much of this "mesh" starting in December 2005 due to dangerous defects that caused serious harm to individuals, including the Plaintiff, ROCKY BLAND.

## GENERAL ALLEGATIONS

1. This action for personal injuries and damages is brought on behalf of Plaintiff, ROCKY BLAND who was implanted with the "mesh", as tested, studied, researched, evaluated, endorsed, designed, formulated, compounded, manufactured, produced, processed, assembled, inspected, distributed, marketed, labeled, promoted, packaged, advertised for sale, prescribed or otherwise placed in the stream of interstate commerce by Defendants, C.R. BARD, INC., DAVOL, INC. and DOES 1 through 100.

2. The true names or capacities, whether individual, corporate, or otherwise, of Defendants, DOES ONE through ONE HUNDRED, Inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff believes and alleges that each of the Defendants designated herein by fictitious names is in some manner legally responsible for the events and happenings herein referred to, and caused damages proximately and foreseeably to Plaintiff as alleged herein.

3. At all times herein mentioned, "Defendants" include all named herein as well as Defendants DOES 1 through 100.

4. At all times herein mentioned, each of the Defendants was the agent, servant, partner, aider, and abettor, co-conspirator, and joint venturer of each of the remaining Defendants herein and were at all times operating and acting within the purpose and scope of said agency, service, employment partnership, conspiracy and joint venture and rendered substantial assistance and encouragement to the other Defendants, knowing that their conduct constituted a breach of duty.

5. There exists, and at all times herein mentioned, there existed, a unity of interest in ownership between certain Defendants and other certain Defendants such that any individuality and separateness between the certain Defendants has ceased and these Defendants are the alter-ego of the other certain Defendants and exerted control over those Defendants. Adherence to the fiction of the separate existence of these certain Defendants as an entity distinct from other certain Defendants will permit an abuse of the corporate privilege and would sanction fraud and would promote injustice.

6. The injuries of Plaintiff were caused by the wrongful acts, omissions, and fraudulent

misrepresentations of Defendants, all of which occurred within the State of California.

7. At all times herein mentioned, the Defendants, and each of them, were engaged in the business of, or were successors in interest to, entities engaged in the business of research, licensing, designing, formulating, testing, manufacturing, producing, processing, assembling, inspecting, distributing, marketing, labeling, promoting, packaging and/or advertising for sale or selling, the "mesh".

8. At all times herein mentioned, the Defendants, and each of them, were authorized to do business and were doing business within the State of California and did in fact supply the aforementioned products within the State of California.

9. At all times herein mentioned, the officers and directors of the Defendants named herein participated in, authorized and directed the production and promotion of the aforementioned product when they knew, or with the exercise of reasonable care should have know, of the hazzards and dangerous propensities of said product and thereby actively participated in the tortious conduct which resulted in the physical injuries described herein.

10. At all times herein mentioned, the Distributor Defendants herein, and each of them, were engaged in the business of distributing, supplying and selling the "mesh".

**THE PARTIES**

The Plaintiff

11. Plaintiff, ROCKY BLAND, resides in Shasta County, California. ROCKY BLAND was implanted with the "mesh" in October 2007 and was injured as a result. The injuries include an additional abdominal surgery, abdominal pain and discomfort due to the defect in the "mesh". Plaintiff, ROCKY BLAND, had the mesh removed May 17, 2007, and only learned as of April 2007 that he may have received a defective Kugel mesh patch, which was confirmed at the time of the May 17, 2007 surgery.

12. C.R. BARD, INC., is the manufacturer of the "mesh", and its principle place of business is in Murray Hill, New Jersey. DAVOL INC., is the co-manufacturer and/or distributor of the "mesh" and its principle place of business is Cranston, Rhode Island. Defendants continue to conduct distribution and sales business within the State of California and, more specifically,

within the geographic jurisdiction of this Court. At all times relevant hereto, Defendants were engaged in the business of licensing, designing, manufacturing, distributing and selling, either directly or indirectly, through third parties or related entities, the "mesh". Plaintiff alleges on information and belief that Defendants do business in California and this County and at all times relevant hereto it developed, manufactured, and sold in interstate commerce and in California and this County, the aforementioned "mesh".

Other Defendants

13. Defendant Does 1 through 100 are corporations, partnerships or other business entities licensed to do business in the State of California.

## FIRST CAUSE OF ACTION

(Strict Liability - Manufacturing Defect)

14. Plaintiff incorporates by reference herein Paragraphs 1 through 13 as though fully set forth herein.

15. The "mesh" previously described was defective at the time of its manufacture, development, production, testing, inspection, endorsement, sale and distribution, in that, and not by way of limitation, said "mesh" was defective due to a faulty recoil ring, as set forth above, and the "mesh" differs from Defendants' intended result and differs from apparently identical products from the same Defendant.

16. At all times herein mentioned, the "mesh" was defective, and Defendants knew that the "mesh" was to be used by the user without inspection for defects therein. Moreover, Plaintiff neither knew, nor had reason to know at the time of the use of the subject product, of the existence of the aforementioned defects.

17. As a result of the defective condition of the aforementioned "mesh" Plaintiff suffered injuries and damages as alleged herein.

18. As a direct and proximate result of the implantation of the "mesh", Plaintiff sustained and continues to suffer severe personal injuries, pain, suffering and emotional distress. As a result thereof, Plaintiff has sustained and will continue to sustain damages in an amount unknown at this time. Such amounts will be shown according to proof at trial.

19. As a direct and proximate result of the implantation of the defective "mesh", Plaintiff has incurred, and will continue to incur, medical and hospital expenses in an amount unknown at this time. Such amounts will be shown according to proof at trial.

20. As a direct and proximate result of the implantation of the defective "mesh", Plaintiff has suffered a loss of future earning capacity, as well as back wages, in a sum unknown at this time. Such amounts will be shown according to proof at trial.

**SECOND CAUSE OF ACTION**

(Strict Liability - Failure to Warn)

21. Plaintiff incorporates by reference herein Paragraphs 1 through 20 as though full set forth herein.

22. The "mesh" was defective at the time of its manufacture, development, production, testing, inspection, endorsement, sale and distribution, in that, and not by way of limitation, said "mesh" and its warnings, instructions and directions failed to warn of the dangerous propensities of said "mesh", which risks were known or reasonably scientifically knowable to Defendants. Defendants knew or should have known of the defective condition, characteristics and risks associated with said "mesh", as previously set forth herein.

23. At all times herein mentioned, the aforementioned "mesh" was defective, and Defendants knew that the "mesh" was to be used by the user without inspection for defects therein. Moreover, Plaintiff neither knew, nor had reason to know at the time of the use of the subject "mesh", of the existence of the aforementioned defects.

24. As a result of the defective condition of the aforementioned "mesh", Plaintiff suffered injuries and damages as alleged herein, and as described in paragraphs above.

**THIRD CAUSE OF ACTION**

(Negligent Manufacturing)

25. Plaintiff incorporates by reference herein Paragraphs 1 through 24 as though fully set forth herein.

26. At all times herein mentioned, the subject "mesh" was reasonably certain to be dangerous if negligently made, and Defendants had a duty to exercise reasonable care in the

design, manufacture, testing and inspection of the "mesh" so that the "mesh" would be safely used in a manner and for a purpose for which it was made.

27. At all times herein mentioned, Defendants negligently and carelessly tested, studied, researched, evaluated, endorsed, manufactured, designed, formulated, produced, processed, assembled, inspected, distributed, marketed, labeled, packaged, prepared for use and sold the aforementioned "mesh".

28. As a result of said negligence and carelessness Defendants, Plaintiff suffered injuries and damages as alleged herein, and as described in paragraphs above.

**FOURTH CAUSE OF ACTION**

(Negligent Failure to Warn)

29. Plaintiff incorporates by reference herein Paragraphs 1 through 28 as though fully set forth herein.

30. At all times herein mentioned, Defendants knew or had reason to know that the subject "mesh" was dangerous or likely to be dangerous for the use for which it was supplied, and Defendants had a duty to use reasonable care to give warning of the dangerous condition of the "mesh" or of facts which made it likely to be dangerous to those whom Defendants should have expected to use the "mesh" or be endangered by its probable use. Moreover, Defendants had reason to believe that users of the "mesh" would not realize its dangerous condition.

31. At all times herein mentioned, Defendants negligently and carelessly failed to adequately warn of the aforementioned dangerous condition of the "mesh", and the risks and dangers of the aforementioned "mesh".

32. As a result of said negligence and carelessness of Defendants, Plaintiff suffered injuries and damages as alleged herein, and as described in paragraphs above.

**FIFTH CAUSE OF ACTION**

(Negligence Per Se)

33. Plaintiff incorporates by reference herein Paragraphs 1 through 32 as though fully set forth herein.

34. At all times herein mentioned, Defendants had an obligation not to violate the law, in

the manufacture, design, formulation, testing, production, processing, assembly, inspection, research, distribution, marketing, labeling, packaging, preparation for use, sale and warning of the risks and dangers of the aforementioned "mesh".

35. Upon information and belief, Plaintiff alleges that Defendants violated the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301, *et seq.*, related amendments and codes, federal regulations promulgated thereunder, and other applicable state and federal laws.

36. Plaintiff, as a purchaser and consumer of the "mesh", is within the class of persons the statutes are designed to protect, and Plaintiff's injuries are the type of harm these statutes are designed to prevent. Injuries due to (1) the failure to adequately warn of known or reasonably knowable defect and (2) the failure to disclose all adverse events or adverse event reports, are the types of harm these statutes are designed to prevent.

37. Defendants failed to meet the standard of are set by the foregoing statutes and regulations, which were intended for the benefit of individuals such as Plaintiff, making Defendant negligent per se.

38. As a direct and legal result of Defendant's violations of the statutes described above, Plaintiff suffered injuries and damages as alleged herein, and as described in paragraphs above.

**SIXTH CAUSE OF ACTION**

(Breach of Implied Warranty)

39. Plaintiff incorporated by reference herein Paragraphs 1 though 38 as though fully set forth herein.

40. Prior to the time that the aforementioned "mesh" was used by Plaintiff, Defendants impliedly warranted to Plaintiff and Plaintiff's agent and physicians that said "mesh" was of merchantable quality and safe and fit for the use for which it was intended.

41. Plaintiff was and is unskilled in the research, design and manufacture of the aforementioned "mesh" and reasonably relied entirely on the skill, judgement and implied warranty of Defendants using the aforementioned "mesh".

42. The aforementioned "mesh" was neither safe for its intended use nor of merchantable quality, as warranted by Defendants, in that it had a dangerous propensities when put to its

intended use and would cause severe injuries to the user.

43. Defendants, by selling, delivering and/or distributing the defective "mesh" to Plaintiff breached the implied warranty of merchantability and fitness and caused the Plaintiff to suffer severe pain and emotional distress, incur medical expenses and incur a loss of earning capacity.

44. As a result of the aforementioned breach of implied warranties by Defendants, Plaintiff suffered injuries and damages as alleged herein, and as described in paragraphs above.

**SEVENTH CAUSE OF ACTION**

(Breach of Express Warranty)

45. Plaintiff incorporates by reference herein Paragraphs 1 through 44 as though fully set forth herein.

46. At all times herein mentioned, Defendants expressly warranted to Plaintiff and Plaintiff's agents and physicians, by and through statements made by Defendants or their authorized agents or sales representatives, orally and in publications, package inserts and other written materials intended for physicians, medical patients and the general public, that the aforementioned "mesh" was safe, effective, fit and proper for its intended use.

47. In utilizing the aforementioned "mesh", Plaintiff relied on the skill, judgement, representations and foregoing express warranties of Defendants. Said warranties and representations were false in that the aforementioned "mesh" was not safe and was unfit for the uses for which it was intended.

48. As a result of the foregoing breach of express warranties by Defendants, Plaintiff suffered injuries and damages as alleged herein, and as described in paragraphs above.

**EIGHTH CAUSE OF ACTION**

(Deceit by Concealment)

49. Plaintiff incorporates by reference herein Paragraphs 1 through 48 as though fully set forth herein.

50. Defendants, from the time that the aforementioned "mesh" was first tested, studied, researched, evaluated, endorsed, manufactured, marketed and distributed, and up to the present, willfully deceived Plaintiff by concealing from the Plaintiff, Plaintiff's physicians and the general

public, the true facts concerning said "mesh", which Defendants had a duty to disclose.

51. At all times herein mentioned, Defendants promoted the sale of the aforementioned "mesh" and willfully deceived Plaintiff, Plaintiff's physician and the general public as to the health risks and consequences of the use of the aforementioned "mesh". Defendants were aware of the foregoing, and that the aforementioned "mesh" was not safe, fit and effective for implantation into the human body, the use of said "mesh" was hazardous to health, and said "mesh" had a serious propensity to cause serious injury to users, including but not limited to the injuries suffered by Plaintiff delineated herein.

52. Defendants intentionally concealed and suppressed the true facts concerning said "mesh" with the intent to defraud Plaintiff, in that Defendants knew that Plaintiff's physicians would not utilize the subject "mesh", and Plaintiff would not have received the subject "mesh" if, Plaintiff and Plaintiff's physicians had been aware of the true facts concerning the dangers of said "mesh".

53. As a result of the foregoing fraudulent and deceitful conduct by Defendant, Plaintiff has suffered injuries and damages as alleged herein, and as described above, and is deserving of punitive damage against Defendants, as well as the damages described in paragraphs above.

## NINTH CAUSE OF ACTION

(Negligent Misrepresentation)

54. Plaintiff incorporated by reference herein Paragraphs 1 through 53 as though fully set forth herein.

55. Defendants, from the time that the aforementioned "mesh" was first tested, studied, researched, evaluated, endorsed, manufactured, marketed and distributed, and up to the present, made false representations, as previously set forth herein, to Plaintiff, Plaintiff's physicians and the general public, including but not limited to the misrepresentation that said "mesh" was safe, fit and effective for implantation into humans. At all times herein mentioned, Defendants promoted the sale of the aforementioned "mesh" and willfully deceived Plaintiff, Plaintiff's physicians and the general public as to the health risks an consequences of the use of the "mesh".

56. Defendants made the foregoing representations without any reasonable ground for

believing them to be true. These representations were made directly by Defendants, by sales representative and other authorized agents of Defendants, and in publications and other written materials directed to physicians, medical patients and the public, with the intention of inducing reliance and the purchase and use of the subject "mesh".

57. The foregoing representations by the Defendants were in fact false, in that the aforementioned "mesh" was not safe, fit and effective for implantations. In fact, the use of said "mesh" is hazardous to health, and said "mesh" has a serious propensity to cause serious injuries to users, including but not limited to the injuries suffered by Plaintiff as delineated herein.

58. The foregoing representations by Defendants were made with the intention of inducing reliance and the purchase and use of the "mesh".

59. In reliance on the misrepresentations by Defendants, Plaintiff was induced to purchase the "mesh" and have it implanted. If, Plaintiff, had known of the true facts and the facts concealed by Defendants, Plaintiff would not have used the subject "mesh". The reliance of Plaintiff upon Defendants misrepresentations was justified because such misrepresentations were made and conducted by individuals and entities who were in a position to know the true facts.

63. As a result of the foregoing negligent misrepresentations by Defendant, Plaintiff suffered injuries and damage as alleged herein, and as described in paragraphs above.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For general damages in a sum to be ascertained;
2. For medical surgical, hospital, and incidental expenses according to proof;
3. For loss of earnings, loss of earning capacity, and related economic losses according to proof;
4. For damages for the sake of example and by way of punishing the defendants;
5. For prejudgment interest according to law;
6. For prejudgment attachment according to law;

7. For attorneys fees according to law;

8. For costs of suit; and,

9. For such other and further relief as is proper.

Dated: 11/8/07

BY: [signature]

Rodney A. Klein, CA BAR #035541
Lawrence S. Paikoff, CA BAR #191732
Attorney(s) for Plaintiff(s)

Bland vs. C.R. Bard, et. al

**PROOF OF SERVICE**

I, Gwen McElrath, declare:

I am a citizen of the United States and am employed in the County of Sacramento, California. I am over the age of eighteen years and not a party to the within entitled case. My business address is 2300 Bell Executive Lane, Sacramento, California.

On this date, I served the foregoing documents(s) described as: **CIVIL CASE COVER SHEET, SUMMONS, NOTICE OF ASSIGNMENT, ADR PACKAGE, COMPLAINT** on the party/parties below by placing a true and correct copy thereof, enclosed in a sealed envelope with proper postage, in the United States mail in Sacramento, California addressed as follows:

Davol, Inc.
10 Weybosset St.
Providence, RI 02903

CR Bard, Inc.,
Stephen Long
730 Central Ave.
Murray Hill, NJ 07974

I declare under penalty of perjury that the foregoing is true and correct. Executed this 4th day of the month of December of 2007 in Sacramento, California.

Gwen McElrath
Gwen McElrath

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State [illegible] number, and address):
Lawrence S. Paikoff (State Bar # [illegible]732)
Law Offices of Lawrence S. Paikoff
2300 Bell Executive Lane, Sacramento, CA 95825
TELEPHONE NO.: (916) 929-6000 FAX NO.: (916) 929-5137
ATTORNEY FOR (Name): Rocky Bland, Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SHASTA
STREET ADDRESS: 1500 Court St.,Rm 205
MAILING ADDRESS:
CITY AND ZIP CODE: 96001
BRANCH NAME:

RECEIVED
DEC 10 2007
C.R. BARD, INC.
LAW DEPT

FOR COURT USE ONLY

FILED
NOV 28 2007
CLERK OF THE SUPERIOR COURT
BY: C. HARTMAN, DEPUTY CLERK

CASE NAME:
Bland vs. C.R. Bard, Inc. et al.

**CIVIL CASE COVER SHEET**

[X] Unlimited (Amount demanded exceeds $25,000)
[ ] Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**

[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 161776
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [X] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (*not specified above*) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (*check all that apply*): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (*specify*): NINE (9)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: November 27, 2007

Lawrence S. Paikoff
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.





LexisNexis® Automated California Judicial Council Forms

THIS IS A DELAY REDUCTION CASE
CONSULT UNIFIED LOCAL RULES OF COURT IMMEDIATELY!

THE SUPERIOR COURT OF CALIFORNIA
IN AND FOR THE COUNTY OF SHASTA

CASE NO. 161776

NOTICE OF ASSIGNMENT FOR ALL PURPOSES AND STATUS CONFERENCE

# INSTRUCTIONS
# READ IMMEDIATELY!

## ORDER OF ASSIGNMENT

This action is assigned to the Hon. Steven E. Jahr for all purposes pursuant to Local Rule 3.02 of the Shasta County Superior Court.

## STATUS CONFERENCE DATE

A status conference will be conducted in this action on 3/17/08 at 9:00 am in Department 4, located at 1500 Court Street, Redding, California, 96001. All parties to this action are required to appear at the status conference.

## REQUIREMENT FOR SERVING THIS NOTICE

Plaintiff shall serve this notice on each defendant at the time of service of the complaint and on all intervenors and interpleaders within 10 days of receipt of service from them of complaints in intervention or interpleader. All cross-complainants shall serve this notice on each cross-defendant at the time of service of the cross-complaint.

IF YOU ARE A DEFENDANT OR CROSS-DEFENDANT, YOU HAVE BEEN SERVED WITH OTHER DOCUMENTS ALONG WITH THIS NOTICE. UNDER THE LAW, THOSE OTHER DOCUMENTS REQUIRE YOU TO TAKE ACTION PROMPTLY TO PRESERVE YOUR RIGHTS. PLEASE REVIEW THOSE MATERIALS IMMEDIATELY. THE REQUIREMENTS SET FORTH IN THIS NOTICE AND THE CONFERENCE DATE SCHEDULED IN THIS NOTICE ARE SEPARATE AND ARE IN ADDITION TO THOSE CONTAINED IN THE OTHER DOCUMENTS WHICH YOU HAVE RECEIVED.

DATED: NOV 29 2006

[signature]
Presiding Judge

(Amended, effective January 1, 2007)

*I CERTIFY THAT THE ORIGINAL OF THIS DOCUMENT WAS PROVIDED TO THE PLAINTIFF ON 11/13/07 BY: C Hartman DEPUTY CLERK*

H:\Administration\Forms\status conf handout sej 1-1-07.doc

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SHASTA

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

In compliance with California Rules of Court, Rules 3.800, 10.781-10.783, litigants are offered the following described processes designed to provide an alternative to the use of the judicial system.

The plaintiff must serve a copy of this information package and the attached stipulation at the time of serving the complaint. Any party joining any new parties must serve a copy of this information package and the attached stipulation at the time of serving a pleading upon any new parties.

The six processes offered to the parties are:

1. Private Mediation
2. Judicial Mediation
3. Private Arbitration
4. Judicial Arbitration
5. Referee
6. Expedited Civil Trial.

ADVANTAGES AND DISADVANTAGES OF ADR:

Advantages: ADR can have a number of advantages over a lawsuit. ADR can be speedier. A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years. ADR can save money. Court costs, attorneys fees, and expert fees can be saved. ADR can permit more participation. The parties may have more chances to tell their side of the story than in court and may have more control over the outcome. ADR can be flexible. The parties can choose the ADR process that is best for them. For example, in mediation, the parties may decide how to resolve their dispute. ADR can be cooperative. This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other. ADR can reduce stress. There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years. ADR can be more satisfying. For all the above reasons, many people have reported a high degree of satisfaction with ADR. Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

Disadvantages of ADR: ADR may not be suitable for every dispute. If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court. There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit. Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

MEDIATION - Private and Judicial: The goal of mediation is to reach an agreement, resolving all or part of the dispute by fully exploring issues. Parties participate actively in the process to arrive at any agreement. The mediator generally does not give an overall evaluation of the case. Parties are assisted to come to a mutually satisfactory agreement.

A mediation is appropriate for most civil cases, i.e., cases involving ongoing business or personal relationships, multi-party cases, cases where equitable relief is sought, cases where the parties would benefit from the assistance and the counseling of a qualified neutral, and/or cases where lack of communication appears to be a barrier to resolving the case.

Mediation can be either Private or Judicial.
If the parties select Private Mediation, the parties must arrange for the selection, timetable and compensation of the mediator and attach the agreement to the stipulation.
If the parties select Judicial Mediation, an early conference date will be selected by the court. The parties will not be charged for this service.

ARBITRATION – Private and Judicial: The goal of arbitration is to provide parties with an adjudication that is faster, less formal and less expensive than trial. An arbitrator hears testimony from witnesses under oath, reviews documentary evidence, and renders either a non-binding award or a binding award.

Arbitration is appropriate for most civil cases in which parties are represented by counsel and cases with any of the following characteristics: (1) only monetary relief is sought; (2) personal injury, property damage or breach of contract is involved.

Arbitration can be either Private or Judicial.
If the parties select Private Arbitration, the parties must arrange for the selection, timetable and compensation of the arbitrator and attach the agreement to the stipulation. Private Arbitration is binding subject to limited judicial review.
If the parties select Judicial Arbitration, an early hearing date will be selected. The parties will not be charged for the service. Judicial Arbitration is non-binding and if either party rejects the award, the case will continue in the system.

REFEREE: Section 638(1) of the Code of Civil Procedure. The goal of this procedure is to provide the parties with a prompt hearing conducted at the convenience of the parties while preserving their appeal rights within the judicial system. The referee hears testimony from witnesses under oath, reviews documentary evidence, and renders a binding ruling that may be appealed in the same manner as any other court decision. A referee is appropriate for non-jury civil cases in which parties are represented by counsel and wish to select the judge who will hear the case. The parties must agree on the payment of the costs associated with the use of this procedure and must select the referee. Their agreement must be attached to the stipulation.

EXPEDITED CIVIL TRIAL PROGRAM: The goal of the expedited civil trial program is to provide a complete jury trial at the convenience of the parties. The court and jury hear testimony from witnesses under oath, review documentary evidence, and render a binding verdict that may be appealed in the same manner as any other court decision. This process is appropriate for civil cases involving the use of many experts and which will take a significant amount of time to litigate and in which parties are represented by counsel. The parties must agree on the payment of the costs associated with the use of this procedure and must select the judge. Their agreement must be attached to the stipulation.

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SHASTA**

Plaintiff(s),

Case No. ______________

vs.

**STIPULATION – ALTERNATIVE DISPUTE RESOLUTION**

Defendant(s).

The parties and their attorneys stipulate that all claims in this action shall be submitted to one of the following alternative dispute processes: (Select One Process)

1. ☐ Private Mediation. The parties agree on all the terms and conditions of private mediation. Their agreement is attached to this stipulation.
2. ☐ Judicial Mediation. The court will set the time and place for judicial mediation. No fee will be charged to the parties.
3. ☐ Private Arbitration. The parties agree on all the terms and conditions of binding arbitration. Their agreement is attached to this stipulation.
4. ☐ Judicial Arbitration. The court will make orders implementing non-binding arbitration. No fee will be charged to the parties.
5. ☐ Reference to a General Referee (CCP §638). The parties agree to the person selected and to the terms and conditions of the reference and the payment of fees. Their agreement is attached to this stipulation.
6. ☐ Expedited Trial Program. The parties agree to the person selected to be judge and to the payment of costs. Their agreement is attached to this stipulation.
7. ☐ Other: (Please specify). ______________________________

IT IS ALSO STIPULATED that (specify, e.g., deadline for completion of ADR process, suspension or limitation of discovery, etc.) ______________________________

Date: ______________________ Date: ______________________

Name of Plaintiff ______________________ Name of Defendant ______________________

Signature ______________________ Signature ______________________

Plaintiff's Attorney ______________________ Defendant's Attorney ______________________

Signature ______________________ Signature ______________________

**IT IS SO ORDERED.**
**IT IS ALSO ORDERED** that: ______________________________

**THE COURT RESERVES JURISDICTION TO AMEND, INTERPRET OR SUPPLEMENT THIS ORDER.**

Date: ______________________ Judge ______________________

H:\Civil\Administrative\Stipulation - ADR info.doc

CERTIFIED MAIL

7006 0100 0004 8821 6940

1351 U.S. POSTAGE PB8532102
0721 $ 06.110 DEC 04 2007
9953 MAILED FROM ZIP CODE 95825

PITNEY BOWES

LAW OFFICES OF
LAWRENCE S. PAIKOFF
2300 BELL EXECUTIVE LANE
SACRAMENTO, CALIFORNIA 95825-4068

RECEIVED
DEC 10 2007
C.R. BARD, INC.
LAW DEPT

CR Bard, Inc.,
Stephen Long
730 Central Ave.
Murray Hill, NJ 07974

**CT** CORPORATION
A WoltersKluwer Company

# Service of Process Transmittal

12/11/2007
CT Log Number 512872115

**TO:** Stephen Long, General Counsel
C. R. Bard, Inc.
730 Central Avenue
New Providence, NJ 07974

RECEIVED
DEC 13 2007
C.R. BARD, INC.
LAW DEPT

**RE:** **Process Served in Rhode Island**

**FOR:** Davol Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Rocky Bland, Pltf. vs. C.R. Bard, Inc. and Davol, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Civil Case Cover Sheet, Summons, Order of Assignment, Alternative Dispute Resolution Information Package, Complaint, Proof of Service |
| **COURT/AGENCY:** | Superior Court of California County of Shasta, CA<br>Case # 161776 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - Re: Composix Kugel Mesh Patch inserted in October 2007 resulting in personal injuries |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Providence, RI |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 12/11/2007 postmarked on 12/04/2007 |
| **APPEARANCE OR ANSWER DUE:** | Answer Date: Within 30 Days - exclusive of day of service // Hearing set for 3/17/08 at 9:00AM |
| **ATTORNEY(S) / SENDER(S):** | Lawrence S. Paikoff, Esq.<br>Law Offices of Lawrence S. Paikoff<br>2300 Bell Executive Lane<br>Sacramento, CA 95825<br>916-929-6000 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 790400986590 |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 10 Weybosset Street - 9th Floor<br>Providence, RI 02903 |
| **TELEPHONE:** | 401-861-7400 |



Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
NOV 29 2007
CLERK OF THE SUPERIOR COURT
BY: C. HARTMAN, DEPUTY CLERK

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
C.R. Bard, Inc., Davol, Inc., and Does 1 thru 100

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
Rocky Bland

**You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.**

**There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.**

***Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.***

***Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.***

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SHASTA
1500 Court St.,Rm 205
Redding, CA 96001

CASE NUMBER:
*(Número del Caso):* 161776

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lawrence S. Paikoff (Bar # 191732)
Law Offices of Lawrence S. Paikoff
2300 Bell Executive Lane, Sacramento, CA 95825
Phone No. (916) 929-6000
Fax No. (916) 929-5137

DATE: *(Fecha)* NOV 29 2007 Clerk, by *(Secretario)* C. HARTMAN, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:

3. [X] on behalf of *(specify)*:

under:
- [ ] CCP 416.10 (corporation)
- [ ] CCP 416.20 (defunct corporation)
- [ ] CCP 416.40 (association or partnership)
- [ ] CCP 416.60 (minor)
- [ ] CCP 416.70 (conservatee)
- [ ] CCP 416.90 (authorized person)
- [ ] other *(specify)*:

4. [ ] by personal delivery on *(date)*:

7006 0100 0004 8821 0504

$06.11 US POSTAGE
DEC 04 2007
MAILED FROM ZIP CODE 95825
PITNEY BOWES

LAW OFFICES OF
LAWRENCE S. PAIKOFF
2300 BELL EXECUTIVE LANE
SACRAMENTO, CALIFORNIA 95825-4068

Davol, Inc.
10 Weybosset St.
Providence, RI 02903