# EXHIBIT C

Thomas Minder, Esq., SBN 59808
Jonathan Saul, Esq., SBN 189271
THOMAS MINDER & ASSOCIATES
2151 River Plaza Drive, Suite 290
Sacramento, California 95833
Telephone: (916) 929-4400
Facsimile: (916) 929-4466

Attorney for Plaintiffs
DANIEL POSTON and DARLINE POSTON

FILED/ENDORSED
NOV 1 5 2006
By L. GUTIERREZ
DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA,

COUNTY OF SACRAMENTO

| | |
|---|---|
| DANIEL POSTON and DARLINE POSTON,<br>Plaintiffs,<br>vs.<br>DAVOL, INC., and DOES 1 through 10 and ROES 11 through 20, inclusive,<br>Defendants. | CASE NO: 06AS04935<br>COMPLAINT - PRODUCT LIABILITY |

Plaintiffs DANIEL POSTON and DARLINE POSTON alleges against defendants DAVOL, INC., and DOES 1 through 10 and ROES 11 through 20, and each of them, as follows:

**PARTIES AND JURISDICTION**

1. Plaintiffs DANIEL POSTON and DARLINE POSTON are and were at all times relevant hereto residents of the State of California, County of Sacramento.

2. Plaintiffs are informed and believe, and thereon allege, defendant DAVOL, INC. (hereinafter "DAVOL") is a Delaware Corporation which provides medical supplies and instruments to medical providers throughout the United States, including California, and the Sacramento area, and has an agent for service of process in Los Angeles, California.

3. Plaintiffs are informed and believe, and thereon allege, defendant DAVOL, and ROES 11 through 20, manufactured, designed, marketed and provided the surgical mesh utilized

during the procedure in question, a hernia surgery, performed on Plaintiff DANIEL POSTON in or about June 2005.

4. Plaintiff DANIEL POSTON suffered complications following his hernia surgery, and was eventually informed, in August 2006, that the mesh utilized in his prior surgery had been recalled.

5. Plaintiff DANIEL POSTON was forced to undergo a subsequent procedure, in November 2006, during which the recalled mesh was removed.

6. Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, each of said Defendants was the agent and employee of each of the remaining Defendants and in doing each of the things alleged herein was acting within the course and scope of said agency and employment.

7. The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants DOES 1 through 10 and ROES 11 through 20 are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the Defendants designated herein as "DOE" or "ROE" are legally responsible in some manner for the events and happenings herein referred to, and legally caused injuries and damages to Plaintiffs, as herein alleged. Plaintiffs will seek leave to insert the true names of said Defendants herein when they are ascertained.

## FIRST CAUSE OF ACTION

**Negligence**

**(Defendant DAVOL, INC.)**

8. Plaintiffs refer to and herein incorporates the preceding paragraphs 1-7, as though fully set forth herein.

9. That at all times herein mentioned, Defendant DAVOL and ROES 11 through 20, and each of them, negligently and carelessly researched, designed, manufactured, inspected, marketed, warranted, and advertised the surgical mesh utilized during the surgery in question, and that Defendants negligently and carelessly allowed the product to be sold, used and consumed by the general public. The product in question was unfit for its intended use inasmuch

as it caused personal injuries to the user and consumer when used in a manner reasonably foreseeable.

10. At all times mentioned herein, Defendant DAVOL and ROES 11 through 20, and each of them, knew or in the exercise of reasonable care should have known, that the product was of such a danger that it was likely to injure persons who used it.

11. At all times herein mentioned, Defendant DAVOL and ROES 11 through 20, and each of them, had a duty to properly research, design, manufacture, inspect, market, warrant and advertise the product and that Defendant DAVOL and ROES 11 through 20, and each of them, breached that duty to the general public and, in particular, to Plaintiff DANIEL POSTON.

12. Because of the negligence of Defendants DAVOL and ROES 11 through 20, and each of them, in the research, manufacture, inspection, marketing, warranting, and advertising the product, Plaintiff DANIEL POSTON sustained personal injuries.

13. As a legal result of the conduct of Defendants DAVOL and ROES 11 through 20, and each of them, Plaintiff DANIEL POSTON sustained injuries which have caused and continue to cause him mental, emotional and physical pain and suffering. Plaintiff DANIEL POSTON alleges that said injuries will result in some permanent disability, resulting in general damages in an amount in excess of the jurisdictional limits of this court.

14. As a further legal result of the conduct of Defendants DAVOL and ROES 11 through 20, and each of them, Plaintiff DANIEL POSTON was required to employ health care providers to treat and care for him. Plaintiffs have incurred medical expenses, the amount of which is presently unknown and said expenses are continuing to occur and, when finally determined, will ask leave of the Court to assert such damages.

**SECOND CAUSE OF ACTION**

**Loss of Consortium**

**(Defendant DAVOL, INC.)**

15. Plaintiffs refer to and herein incorporates the preceding paragraphs 1-14, as though fully set forth herein.

///

16. At all times herein mentioned, Plaintiff DARLINE POSTON was the wife of Plaintiff DANIEL POSTON. As a further direct and legal result of the negligence and carelessness of Defendants, and each of them, Plaintiff DARLINE POSTON has been deprived of the care, comfort, companionship, society, and consortium of her husband, all to Plaintiff DARLINE POSTON's damages in excess of the jurisdictional minimum of this court.

**THIRD CAUSE OF ACTION**

**Strict Liability**

**(Defendant DAVOL, INC.)**

17. Plaintiffs refer to and herein incorporates the preceding paragraphs 1-16, as though fully set forth herein.

18. That at all times herein mentioned, Defendants DAVOL and ROES 11 through 20, and each of them, researched, designed, manufactured, inspected, marketed, warranted, and advertised the surgical mesh, which contained design, manufacturing and warning defects capable of causing personal injuries to the user and consumer while being used in a reasonably foreseeable manner. The aforementioned conduct rendered the product unsafe and dangerous for use by consumers, including Plaintiff DANIEL POSTON.

19. Defendants, and each of them, knew that the product was to be used without inspection for defects by Plaintiff DANIEL POSTON.

20. At all material times, the product hereinabove described was unsafe for its intended use by consumers by reason of defects in its manufacture and design rendering it unreasonably dangerous to foreseeable users.

21. Plaintiff DANIEL POSTON alleges that the conduct of Defendants DAVOL and ROES 11 through 20, and each of them, in designing and manufacturing the product in question was the legal cause of his injuries and damages.

22. As a legal result of the conduct of Defendants DAVOL and ROES 11 through 20, and each of them, Plaintiff DANIEL POSTON sustained injuries which have caused and continue to cause him mental, emotional and physical pain and suffering. Plaintiff DANIEL

POSTON alleges that said injuries will result in some permanent disability, resulting in general damages in an amount in excess of the jurisdictional limits of this court.

**PRAYER**

WHEREFORE, Plaintiffs' pray for judgment against Defendants DAVOL, INC., DOES 1 through 10 and ROES 11 through 20, and each of them, as follows:

1. For general damages in an amount exceeding the jurisdictional minimum of this court;
2. For all medical and incidental expenses, according to proof;
3. For Plaintiff DARLINE POSTON's loss of consortium;
4. For lost earnings and earning capacity, according to proof;
5. For pre-judgment interest;
6. For costs of suit incurred herein; and,
7. For such other and further relief as the court deems just and proper.

Dated: November 10, 2006

THOMAS MINDER & ASSOCIATES

By ______________________
Jonathan Saul
Attorney for Plaintiffs
DANIEL POSTON and DARLINE POSTON

Thomas Minder, Esq., SBN 59808
Jonathan Saul, Esq., SBN 189271
THOMAS MINDER & ASSOCIATES
2151 River Plaza Drive, Suite 290
Sacramento, California 95833
Telephone: (916) 929-4400
Facsimile: (916) 929-4466

Attorney for Plaintiffs
DANIEL POSTON and DARLINE POSTON

SUPERIOR COURT OF CALIFORNIA,

COUNTY OF SACRAMENTO

| | |
|---|---|
| DANIEL POSTON and DARLINE POSTON,<br>Plaintiffs,<br>vs.<br>DAVOL, INC., and DOES 1 through 10 and ROES 11 through 20, inclusive,<br>Defendants. | CASE NO: 06AS04935<br>STATEMENT OF DAMAGES |

Comes now Plaintiff, DANIEL POSTON, and provides his Statement of Damages as follows:

1. Plaintiff will claim his reasonable and necessary medical expenses according to proof at the time of trial;

2. Plaintiff will claim general damages to compensate him for the pain, suffering, fear, anxiety, embarrassment and emotional distress which this incident has caused in the amount of $1,000,000,000.

Dated: November 20, 2006

THOMAS MINDER & ASSOCIATES

By ______________________
Jonathan Saul
Attorney for Plaintiffs
DANIEL POSTON and DARLINE POSTON

# EXHIBIT D

RECEIVED
JUL 20 2007
C.R. BARD, INC.
LAW DEPT

FILED
07 MAY -3 PM 12:42
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

Janice F. Mulligan, SB# 99080
Elizabeth A. Banham, SB# 131734
**MULLIGAN & BANHAM**
2442 Fourth Avenue , Suite 100
San Diego, CA 92101
Telephone (619) 238-8700
Facsimile (619) 238-8701

Christopher A. Seeger, Esq.
David R. Buchanan, Esq.
Scott Alan George, Esq.
**SEEGER WEISS LLP**
One William Street
New York, New York 10004
(212) 584-0700

Attorneys for Plaintiffs WENDY H. RISLEY and TRACY A. RISLEY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WENDY H. RISLEY; and TRACY A. RISLEY,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVOL, INC., and C.R. BARD, INC.<br><br>Defendants. | Case No. 07 CV 0806 L (BLM)<br><br>COMPLAINT FOR DAMAGES<br><br>JURY TRIAL DEMANDED |

Plaintiffs herein, WENDY H. RISLEY and TRACY A. RISLEY, allege the following against Defendants DAVOL, INC., and C.R. BARD, INC.:

## NATURE OF THE CASE

1. Plaintiff, WENDY RISLEY ("Ms. RISLEY"), developed serious and potentially life threatening conditions caused by the insertion of a defective Bard Composix Kugel Mesh Hernia Patch, manufactured by Defendants DAVOL, INC., and C.R. BARD, INC. Plaintiffs seek relief for their injuries under claims of negligence, strict liability for failure to warn, strict liability for design defect, fraudulent concealment, and breach of warranty for Defendants' responsibilities in the development, testing, design, manufacture, inspection, marketing, labeling, promotion, and distribution of the patch that caused Plaintiffs' injuries.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1332 (diversity of citizenship). The matter in controversy in this civil action exceeds the sum of $75,000, exclusive of interest and costs, as to each defendant and is between citizens of different states.

3. Venue in this District is proper under 28 U.S.C. 1391. The events and omissions giving rise to this cause of action occurred in substantial part in this District and defendants transact business here.

4. Plaintiffs, and each of them, who reside in the City of El Cajon in the County of San Diego, in the State of California, are residents of the Southern District of California of the United States District Court, and the occurrences which give rise to this action took place in the Southern District of California of the United States District Court.

5. Plaintiff is informed and believes, and thereon alleges that Defendant C.R. BARD, INC., is a business organization incorporated in the state of New Jersey with its principal place of

business in New Jersey

6. Plaintiff is informed and believes, and thereon alleges that Defendant DAVOL, INC., is a business organization incorporated in the state of Rhode Island with its principal place of business in Rhode Island, and is a subsidiary or division of Defendant C. R. BARD, INC.

## BACKGROUND AND FACTUAL ALLEGATIONS

7. On or about May 5, 2005, Plaintiff Ms. RISLEY, underwent a hernia repair procedure at Naval Medical Center San Diego. During this procedure, physicians implanted a BARD KUGEL COMPOSIX MESH PATCH measuring approximately 10 x 14 cm in Plaintiff Ms. RISLEY. The lot number of the patch implanted was 43DOD232.

8. Defendants DAVOL, INC., and C.R. BARD, INC., through their agents, servants and employees, designed, manufactured, distributed, sold, marketed, and placed into the stream of commerce the patch that was implanted in Plaintiff Ms. RISLEY's body. The patch was designed, manufactured, distributed, sold, marketed, and placed into the stream of commerce to be used by surgeons for hernia repair surgeries and was further represented by Defendants, and each of them, to be an appropriate, safe, suitable product for such purposes.

9. Defendants DAVOL, INC., and C.R. BARD, INC., submitted their 510K application to the Federal Drug Administration ("FDA") on January 22, 2001. Following this application, the Kugel Patch was authorized by the FDA as a Class II medical device.

10. On December 22, 2005, Defendants DAVOL, INC., and C.R. BARD, INC., issued a recall of many sizes of the Kugel Patch, including the size implanted in Plaintiff Ms. RISLEY's body. The recall was due to a faulty "memory recoil ring" that was known to break under stress or pressure, including the stress of implantation. The ring was also known to migrate in the

body. These defects were known to cause severe injuries including bowel perforation, bowel obstruction, intestinal fistulae, and infections. At the time of the recall, there had been numerous reports of injury and death caused by the defective patch.

11. Upon information and belief, DAVOL, INC., and C.R. BARD, INC., failed to comply with FDA application and reporting requirements.

12. Upon information and belief, DAVOL, INC., and C.R. BARD, INC., were aware of the high degree of complication and failure rate associated with their Kugel Patch before it was recalled, and before it was implanted in Plaintiff Ms. RISLEY.

13. Upon information and belief, DAVOL, INC., and C.R. BARD, INC., were aware of the defect in manufacture and design prior to their recall of the patch and prior to the implantation of the patch into Plaintiff Ms. RISLEY's body.

14. In the days that followed her May 5, 2005 surgery, plaintiff Ms. RISLEY developed abdominal tightness, hypotension, and respiratory difficulties. The surgeons operated again on or about May 8th, 2005, to rule out abdominal catastrophe. The surgeons found a grossly edematous bowel and increased intraabdominal pressure.

15. The following day the surgeons had to operate again after Ms. RISLEY failed to improve and in fact deteriorated even further. On or about May 9, 2005, a third surgery was performed wherein Ms. RISLEY's worsening condition necessitated a left hemicoloectomy and removal of her ovaries. Within days the doctors had to operate to repair a perforated bowel.

16. During the following days and months, Ms. RISLEY underwent approximately 30 procedures under general anesthesia to address abdominal fistulas, infections, and other complications.

17. Ms. RISLEY has suffered and will continue to suffer serious and severe physical pain and mental anguish.

18. Ms. RISLEY has suffered and will continue to suffer brain damage resulting in her inability to live a full and complete life. This includes her inability to fully participate in the lives of her children and husband and to provide household services that she used to provide.

19. Ms. RISLEY has suffered a loss of income and earning capacity.

20. Ms. RISLEY's husband, Plaintiff TRACY RISLEY , has suffered loss of consortium.

21. At all times relevant, Plaintiff TRACY RISLEY was and continues to be married to Plaintiff Ms. RISLEY.

**FRAUDULENT CONCEALMENT**

22. Any applicable statutes of limitation have been tolled by the knowing and active concealment and denial of material facts known by defendants when they had a duty to disclose those facts. They have kept Plaintiffs and others ignorant of vital information essential to her pursuit of these claims, without any fault or lack of diligence on plaintiff's part, for the purpose of obtaining delay on plaintiffs' part in filing a complaint on their causes of action. Their fraudulent concealment did result in such delay.

23. Plaintiffs could not reasonably have discovered the claims made herein until shortly before filing this complaint.

24. The Defendants are and were under a continuing duty to disclose the true character, quality and nature of the patch that was implanted in Plaintiff Ms. RISLEY, but instead they concealed them. As a result, Defendants are estopped from relying on any statute of limitations defenses.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

25. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

26. Defendants DAVOL, INC., and C.R. BARD, INC., were negligent to Plaintiffs in the following respects:

27. DAVOL, INC. and C.R. BARD, INC., at all times mentioned had a duty to properly manufacture, test, inspect, package, label, distribute, market, examine, maintain, supply, provide proper warnings and prepare for use the Kugel Patch.

28. DAVOL, INC. and C.R. BARD, INC. at all times mentioned knew, or in the exercise of reasonable care, should have known, that the Kugel Patches were of such a nature that they were not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold, supplied, prepared and/or provided with the proper warnings, and were unreasonably likely to injure the Kugel Patch users.

29. DAVOL, INC. and C.R. BARD, INC. so negligently and carelessly designed, manufactured, tested, failed to test, inspected, failed to inspect, packaged, labeled, failed to label, distributed, recommended, displayed, sold, examined, failed to examine, and supplied the Kugel Patch, that it was dangerous and unsafe for the use and purpose for which it was intended.

30. DAVOL, INC. and C.R. BARD, INC. were aware of the probable consequences of the Kugel Patch. DAVOL, INC. and C.R. BARD, INC. knew or should have known the Kugel Patch

would cause serious injury. They failed to disclose the known or knowable risks associated with the Kugel Patch. DAVOL, INC. and C.R. BARD, INC. willfully and deliberately failed to avoid those consequences, and in so doing, they acted in conscious disregard of the safety of Ms. RISLEY.

31. Defendants DAVOL, INC. and C.R. BARD, INC. owed a duty to Plaintiffs to adequately warn them and Ms. RISLEY's physicians, of the risks of breakage, separation, tearing and splitting associated with the Kugel Patch and the resulting harm and risk it would cause patients.

32. Defendants DAVOL, INC. and C.R. BARD, INC. breached their duty by failing to comply with state and federal regulations concerning the study, testing, design, development, manufacture, inspection, production, advertisement, marketing, promotion, distribution, and/or sale of the Kugel Patch.

33. As a direct and proximate result of the duties breached, the Kugel Patch used in Ms. RISLEY's hernia repair surgery failed, resulting in Ms. RISLEY suffering pain and harm.

34. As a direct and proximate result of Defendants' negligence, Ms. RISLEY has suffered injuries and damages.

35. Defendants DAVOL, INC. and C.R. BARD, INC. conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to, or a conscious disregard of, the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, INC. and C.R. BARD, INC. and others from similar conduct in the future.

## SECOND CAUSE OF ACTION

## STRICT PRODUCTS LIABILITY - FAILURE TO WARN

36. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

37. At all times herein mentioned, the Kugel Patch was designed and/or manufactured in a defective condition or manner, including but not limited to, causing users, consumers, and patients who would foreseeably come into contact with the Kugel Patch, including Ms. RISLEY, to be injured from said product. The defective and dangerous condition of the Kugel Patch existed at the time they were delivered by the manufacturer to the distributor. At the time Ms. RISLEY had her hernia repair surgery in which the Kugel Patch was implanted, the Patch was in the same condition as when it was manufactured, distributed, and sold.

38. Defendants failed to provide any warnings, labels or instructions of the Patch's dangerous propensities that were known or reasonably knowable at the time of distribution. The reasonably foreseeable use of the product involved significant dangers not readily obvious to the ordinary user of the product, including but not limited to rupture of the patch causing severe injuries including bowel perforation, bowel obstruction, recurring fistulas, and recurring infections which would require multiple subsequent surgeries.

39. At all times herein mentioned, the Plaintiff did not know of the defective condition, danger of breakage and the high risk of subsequent bodily injuries until on or about April 22, 2007 when Plaintiff and Plaintiff's husband heard about it in the media.

40. Plaintiff used the Kugel Patch in a normal, customary, and foreseeable manner as any consumer would and as it was intended to be used by Defendants.

41. Plaintiffs suffered the aforementioned injuries and damages as a direct and proximate result of Defendants' failure to warn.

42. The use of said product by Plaintiff as the product was intended involved a substantial danger that bowel and intestinal damage would occur. This substantial danger was not readily apparent to the Plaintiff.

43. The conduct of DAVOL, INC., and C.R. BARD, INC. in continuing to market, promote, sell, and distribute the Kugel Patch after obtaining knowledge that the products were failing and not performing as represented and intended, showed a complete indifference to or conscious disregard for the safety of others justifying an award in such sum which will serve to deter DAVOL, INC., C.R. BARD, INC. and other from similar conduct.

## THIRD CAUSE OF ACTION

## STRICT PRODUCTS LIABILITY - MANUFACTURING and DESIGN DEFECT

44. Plaintiff re-alleges and incorporates by reference each and every allegation contained in foregoing paragraphs as though fully set forth herein.

45. Defendants DAVOL, INC. and C.R. BARD, INC. are strictly liable to Plaintiffs in the following respects:

46. Defendants C.R. BARD, INC. and DAVOL, INC., provided the Kugel Patch which was defectively manufactured. The patch was defective in that it contained a "memory recoil ring" which can and does break under the stress of placement. The ruptured recoil ring can cause perforation of the bowel, bowel obstruction, chronic intestinal fistulae, infection and

other unknown injury. This defect in the Kugel Patch caused it to fail while in Ms. RISLEY's body causing her to develop serious physical complications which required numerous subsequent painful surgeries and continuing complications.

47. At all times, when Defendants C.R. BARD and DAVOL, INC., sold this product, it was in a defective condition, unreasonably dangerous to Plaintiff Ms. RISLEY.

48. At all times mentioned, the Kugel Patch was in substantially the same condition as when it left the possession of the Defendants.

49. At all times mentioned, the Kugel Patch implanted into Ms. RISLEY was being used in a manner reasonably anticipated at the time it was implanted.

50. At all times relevant, Defendants, and each of them, knew this product was inherently dangerous for its intended use and was unreasonably dangerous constituting an unreasonable risk of injury to Ms. RISLEY as follows:

a. The Kugel Patch was sold in a defective condition by design and manufacture;

b. The Kugel Patch as designed and manufactured was unsafe to Ms. RISLEY;

c. The Kugel Patch as designed and manufactured was unreasonably dangerous to Ms. RISLEY;

d. The Kugel Patch did not perform safely as an ordinary consumer/patient, like Ms. RISLEY would expect;

e. The Kugel Patch was unsafe for its intended use;

f. Defendants failed to warn the end user about the dangers and risks of the product;

g. Defendants knew the component parts of the Kugel Patch as implemented through

design and/or manufacture could cause injury to the end user;

h. Failing to implement an adequate, safe and effective "memory recoil ring" and/or its interaction with the mesh of the Kugel Patch to withstand the foreseeable stresses they would be subject to during implantation or within the intra-abdominal space;

i. Failing to avoid migration of the Kugel Patch and/or its components from the initial site of hernia repair surgery;

j. Any other acts or failures to act by DAVOL, INC. or C.R. BARD, INC. regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, promoting, distributing, and/or sale of the Kugel Patches as will be learned during discovery.

51. Defendants' conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge that the patch's were failing and not performing as represented and intended showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, INC. and C.R. BARD, INC. and others from similar conduct in the future.

## FOURTH CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY

52. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

53. Defendants DAVOL, INC. and C.R. BARD, INC. are liable to Plaintiffs for their breach of implied warranty in the following respects:

54. Defendants sold the Kugel Patch which was implanted in Ms. RISLEY. Defendants impliedly warranted to Ms. RISLEY, her physicians and health care providers that the Kugel Patch was of merchantable quality and safe for the use for which it was intended.

55. Defendants knew or should have known that the Kugel Patch at the time of sale was intended for the purpose of surgically implanting it into the body for hernia repair.

56. Plaintiffs reasonably relied on Defendants' judgment, indications and statements that the Kugel Patch was fit for such use.

57. When the Kugel Patches were distributed into the stream of commerce and sold by Defendants, they were unsafe for their intended use, and not of merchantable quality, as warranted by Defendants in that they had very dangerous propensities when used as intended and implanted into the patient's body where they could cause serious injury of harm or death to the end user.

58. Ms. RISLEY suffered such injuries and damages as a result of the Defendants' conduct and actions.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs seek judgment against the Defendants, jointly and severally, for economic and non-economic damages in an amount as provided by law and to be determined by a jury; an award of attorney's fees and costs of suit as allowed by law; and such other legal and equitable relief as this Court may deem just and proper.

/

/

/

**JURY DEMAND**

Plaintiffs request a trial by jury.

May 3, 2007

MULLIGAN & BANHAM

BY: ____________________

Elizabeth A. Banham Esq.
Attorney for Plaintiffs WENDY H. RISLEY
and TRACY A. RISLEY

RECEIV
JUL 2 0 20
C.R. BARD IN
LAW DEPT

$0.58
US POSTAGE
FIRST-CLASS
FROM 92101
JUL 16 2007
stamps.com

JANICE F MULLIGAN
2442 4TH AVE STE 100
SAN DIEGO, CA 92101

C.R. Bard, Inc.
Stephen J. Long
Vice President, General Counsel
730 Central Ave
New Providence NJ 07974-1139

RECEIVED
JUL 20 2007
C.R. BARD, INC.
LAW DEPT

**PROOF OF SERVICE**

I, Sarah Heldman, declare as follows:

I am over the age of eighteen years and not a party to the case. I am employed in the County of San Diego, California, where the mailing occurs; and my business address is 2442 Fourth Ave., Suite 100, San Diego, California 92101.

On July 16, 2007, I served the foregoing document(s) described as, NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS; WAIVER OF SERVICE OF SUMMONS; CIVIL COVER SHEET; SUMMONS IN A CIVIL ACTION; COMPLAINT FOR DAMAGES on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

C.R. Bard, Inc.
Stephen J. Long
Vice President, General Counsel and Secretary
730 Central Avenue
Murray Hill, New Jersey, 07974

SERVED AS FOLLOWS:

( X ) BY MAIL. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing with the United States Postal Service. Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. The envelope was placed for collection and mailing on this date following ordinary business practices.

( ) BY EXPRESS MAIL. I caused said document(s) to be deposited in a box or other facility regularly maintained by the express service carrier providing overnight delivery pursuant to Code of Civil Procedure §1013(c).

Executed on July 16, 2007, at San Diego, California.

I declare under the penalty of perjury under the laws of the State of California that the above is true and correct.

Sarah Heldman

## PROOF OF SERVICE
(C.C.P. §§ 1013, 1013a, 2015.5)

| | |
|---|---|
| **Case Name:** | **ROCKY BLAND vs. C.R. BARD, INC., DAVOL INC. et al.** |
| **Court:** | **SHASTA COUNTY SUPERIOR COURT** |
| **Case No.:** | **161776** |

1. At the time of service I was over 18 years of age and not a party to this action.

2. My business address is Two Embarcadero Center, Suite 1800, San Francisco, CA 94111.

3. On **December 19, 2007** I served the following documents:

**NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT**

4. I served the documents on the **persons** below as follows:

Rodney A. Klein, Esq.
Lawrence S. Paikoff, Esq.
2300 Bell Executive Lane
Sacramento, CA 95825

5. The documents were served by the following means (specify):

____ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening. The time of service was _________.

__X__ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

____ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I placed the envelope package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

____ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

____ **By fax transmission.** I faxed the documents to the persons at the fax numbers listed in item 4. No error was reported by the fax machine that I used.

____ **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: **December 19, 2007**

Esther Hom

# EXHIBIT C

Thomas Minder, Esq., SBN 59808
Jonathan Saul, Esq., SBN 189271
THOMAS MINDER & ASSOCIATES
2151 River Plaza Drive, Suite 290
Sacramento, California 95833
Telephone: (916) 929-4400
Facsimile: (916) 929-4466

Attorney for Plaintiffs
DANIEL POSTON and DARLINE POSTON

FILED / ENDORSED
NOV 15 2006
By L. GUTIERREZ
DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA,

COUNTY OF SACRAMENTO

DANIEL POSTON and DARLINE POSTON,

Plaintiffs,

vs.

DAVOL, INC., and DOES 1 through 10 and ROES 11 through 20, inclusive,

Defendants.

CASE NO: 06AS04935

COMPLAINT - PRODUCT LIABILITY

Plaintiffs DANIEL POSTON and DARLINE POSTON alleges against defendants DAVOL, INC., and DOES 1 through 10 and ROES 11 through 20, and each of them, as follows:

**PARTIES AND JURISDICTION**

1. Plaintiffs DANIEL POSTON and DARLINE POSTON are and were at all times relevant hereto residents of the State of California, County of Sacramento.

2. Plaintiffs are informed and believe, and thereon allege, defendant DAVOL, INC. (hereinafter "DAVOL") is a Delaware Corporation which provides medical supplies and instruments to medical providers throughout the United States, including California, and the Sacramento area, and has an agent for service of process in Los Angeles, California.

3. Plaintiffs are informed and believe, and thereon allege, defendant DAVOL, and ROES 11 through 20, manufactured, designed, marketed and provided the surgical mesh utilized

during the procedure in question, a hernia surgery, performed on Plaintiff DANIEL POSTON in or about June 2005.

4. Plaintiff DANIEL POSTON suffered complications following his hernia surgery, and was eventually informed, in August 2006, that the mesh utilized in his prior surgery had been recalled.

5. Plaintiff DANIEL POSTON was forced to undergo a subsequent procedure, in November 2006, during which the recalled mesh was removed.

6. Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, each of said Defendants was the agent and employee of each of the remaining Defendants and in doing each of the things alleged herein was acting within the course and scope of said agency and employment.

7. The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants DOES 1 through 10 and ROES 11 through 20 are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the Defendants designated herein as "DOE" or "ROE" are legally responsible in some manner for the events and happenings herein referred to, and legally caused injuries and damages to Plaintiffs, as herein alleged. Plaintiffs will seek leave to insert the true names of said Defendants herein when they are ascertained.

**FIRST CAUSE OF ACTION**

**Negligence**

**(Defendant DAVOL, INC.)**

8. Plaintiffs refer to and herein incorporates the preceding paragraphs 1-7, as though fully set forth herein.

9. That at all times herein mentioned, Defendant DAVOL and ROES 11 through 20, and each of them, negligently and carelessly researched, designed, manufactured, inspected, marketed, warranted, and advertised the surgical mesh utilized during the surgery in question, and that Defendants negligently and carelessly allowed the product to be sold, used and consumed by the general public. The product in question was unfit for its intended use inasmuch

as it caused personal injuries to the user and consumer when used in a manner reasonably foreseeable.

10. At all times mentioned herein, Defendant DAVOL and ROES 11 through 20, and each of them, knew or in the exercise of reasonable care should have known, that the product was of such a danger that it was likely to injure persons who used it.

11. At all times herein mentioned, Defendant DAVOL and ROES 11 through 20, and each of them, had a duty to properly research, design, manufacture, inspect, market, warrant and advertise the product and that Defendant DAVOL and ROES 11 through 20, and each of them, breached that duty to the general public and, in particular, to Plaintiff DANIEL POSTON.

12. Because of the negligence of Defendants DAVOL and ROES 11 through 20, and each of them, in the research, manufacture, inspection, marketing, warranting, and advertising the product, Plaintiff DANIEL POSTON sustained personal injuries.

13. As a legal result of the conduct of Defendants DAVOL and ROES 11 through 20, and each of them, Plaintiff DANIEL POSTON sustained injuries which have caused and continue to cause him mental, emotional and physical pain and suffering. Plaintiff DANIEL POSTON alleges that said injuries will result in some permanent disability, resulting in general damages in an amount in excess of the jurisdictional limits of this court.

14. As a further legal result of the conduct of Defendants DAVOL and ROES 11 through 20, and each of them, Plaintiff DANIEL POSTON was required to employ health care providers to treat and care for him. Plaintiffs have incurred medical expenses, the amount of which is presently unknown and said expenses are continuing to occur and, when finally determined, will ask leave of the Court to assert such damages.

**<u>SECOND CAUSE OF ACTION</u>**

**Loss of Consortium**

**(Defendant DAVOL, INC.)**

15. Plaintiffs refer to and herein incorporates the preceding paragraphs 1-14, as though fully set forth herein.

///

16. At all times herein mentioned, Plaintiff DARLINE POSTON was the wife of Plaintiff DANIEL POSTON. As a further direct and legal result of the negligence and carelessness of Defendants, and each of them, Plaintiff DARLINE POSTON has been deprived of the care, comfort, companionship, society, and consortium of her husband, all to Plaintiff DARLINE POSTON's damages in excess of the jurisdictional minimum of this court.

**THIRD CAUSE OF ACTION**

**Strict Liability**

**(Defendant DAVOL, INC.)**

17. Plaintiffs refer to and herein incorporates the preceding paragraphs 1-16, as though fully set forth herein.

18. That at all times herein mentioned, Defendants DAVOL and ROES 11 through 20, and each of them, researched, designed, manufactured, inspected, marketed, warranted, and advertised the surgical mesh, which contained design, manufacturing and warning defects capable of causing personal injuries to the user and consumer while being used in a reasonably foreseeable manner. The aforementioned conduct rendered the product unsafe and dangerous for use by consumers, including Plaintiff DANIEL POSTON.

19. Defendants, and each of them, knew that the product was to be used without inspection for defects by Plaintiff DANIEL POSTON.

20. At all material times, the product hereinabove described was unsafe for its intended use by consumers by reason of defects in its manufacture and design rendering it unreasonably dangerous to foreseeable users.

21. Plaintiff DANIEL POSTON alleges that the conduct of Defendants DAVOL and ROES 11 through 20, and each of them, in designing and manufacturing the product in question was the legal cause of his injuries and damages.

22. As a legal result of the conduct of Defendants DAVOL and ROES 11 through 20, and each of them, Plaintiff DANIEL POSTON sustained injuries which have caused and continue to cause him mental, emotional and physical pain and suffering. Plaintiff DANIEL

POSTON alleges that said injuries will result in some permanent disability, resulting in general damages in an amount in excess of the jurisdictional limits of this court.

**PRAYER**

WHEREFORE, Plaintiffs' pray for judgment against Defendants DAVOL, INC., DOES 1 through 10 and ROES 11 through 20, and each of them, as follows:

1. For general damages in an amount exceeding the jurisdictional minimum of this court;
2. For all medical and incidental expenses, according to proof;
3. For Plaintiff DARLINE POSTON's loss of consortium;
4. For lost earnings and earning capacity, according to proof;
5. For pre-judgment interest;
6. For costs of suit incurred herein; and,
7. For such other and further relief as the court deems just and proper.

Dated: November 10, 2006

THOMAS MINDER & ASSOCIATES

By ______________________
Jonathan Saul
Attorney for Plaintiffs
DANIEL POSTON and DARLINE POSTON

Thomas Minder, Esq., SBN 59808
Jonathan Saul, Esq., SBN 189271
THOMAS MINDER & ASSOCIATES
2151 River Plaza Drive, Suite 290
Sacramento, California 95833
Telephone: (916) 929-4400
Facsimile: (916) 929-4466

Attorney for Plaintiffs
DANIEL POSTON and DARLINE POSTON

SUPERIOR COURT OF CALIFORNIA,

COUNTY OF SACRAMENTO

| | |
|---|---|
| DANIEL POSTON and DARLINE POSTON,<br>Plaintiffs,<br>vs.<br>DAVOL, INC., and DOES 1 through 10 and ROES 11 through 20, inclusive,<br>Defendants. | CASE NO: 06AS04935<br>**STATEMENT OF DAMAGES** |

Comes now Plaintiff, DANIEL POSTON, and provides his Statement of Damages as follows:

1. Plaintiff will claim his reasonable and necessary medical expenses according to proof at the time of trial;

2. Plaintiff will claim general damages to compensate him for the pain, suffering, fear, anxiety, embarrassment and emotional distress which this incident has caused in the amount of $1,000,000,000.

Dated: November 20, 2006

THOMAS MINDER & ASSOCIATES

By ______________________
Jonathan Saul
Attorney for Plaintiffs
DANIEL POSTON and DARLINE POSTON