HASSARD BONNINGTON LLP
THOMAS M. FRIEDER, ESQ., State Bar No. 95411
Two Embarcadero Center, Suite 1800
San Francisco, California 94111-3941
Telephone: (415) 288-9800
Fax: (415) 288-9801
Email: tmf@hassard.com

Attorneys for Defendants
C.R. BARD, INC. AND DAVOL INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ROCKY BLAND,<br><br>Plaintiff,<br><br>vs.<br><br>C.R. BARD, INC., DAVOL, INC. AND DOES 1 THROUGH 100 INCLUSIVE,<br><br>Defendants. | No.<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS C.R. BARD, INC. AND DAVOL INC. AND DEMAND FOR JURY TRIAL** |

Defendants C.R. Bard, Inc. ("Bard") and Davol Inc. ("Davol"), (collectively, "Defendants") by and through counsel, answer the Plaintiff's Complaint (the "Complaint") as follows:

## INTRODUCTION

Davol admits that at various times it designed, distributed, and conducted limited manufacturing of the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol further admits that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval. The remaining allegations are conclusions of law to which no answer is required. To the

extent a response is required, Davol denies the same. To the extent any allegations are directed toward Bard, Bard denies the same.

## GENERAL ALLEGATIONS

1. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore deny the same.

2. Paragraph 2 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore deny the same.

3. The allegations in Paragraph 3 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

4. The allegations in Paragraph 4 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

5. The allegations in Paragraph 5 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

6. The allegations in Paragraph 6 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

7. Davol admits that at various times it designed, distributed, marketed, labeled, sold, and conducted limited manufacturing of the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know what is meant by "research," "licensing," "formulating," "testing," "producing," "processing," "assembling," "inspecting," "promoting," "packaging," or "advertising" beyond the meanings of design, market, label, sell or manufacture, which have already been admitted. Davol therefore denies these allegations specifically, and any remaining allegations in this paragraph. Bard denies each and every allegation contained in Paragraph 7.

8. Defendants admit they are authorized to do business in the State of California. As to the remaining allegations in this paragraph, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

9. The allegations contained in Paragraph 9 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

10. Defendants do not know who is meant by "Distributor Defendants" but to the extent the allegations are directed toward Bard, Bard denies the same. To the extent the allegations are directed toward Davol, Davol admits that at various times it distributed and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Answering further, Davol does not know what is meant by "supplying" beyond the meaning of distribute which has already been admitted. Davol therefore denies the allegation.

## THE PARTIES

The Plaintiff

11. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and therefore deny the same.

12. Bard admits that its principal place of business is in Murray Hill, New Jersey, and that it distributes and sells medical devices to licensed healthcare providers within the state of California. Bard denies the remaining allegations. Davol admits that its principal place of business in Cranston, Rhode Island, and that at various times it designed, distributed, sold, and conducted limited manufacturing of the Composix® Kugel® Hernia Patch for use in accordance with its accompanying labeling information throughout the United States, including the State of California. Davol does not know what is meant by "developing" or "licensing" beyond the meanings of design, sell, or distribute, which have already been admitted; therefore, it denies the allegations.

Other Defendants

13. Paragraph 13 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and therefore deny the same.

## FIRST CAUSE OF ACTION
(Strict Liability – Manufacturing Defect)

14. In response to Paragraph 14 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

15. The allegations in Paragraph 15 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

16. The allegations in Paragraph 16 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

17. The allegations in Paragraph 17 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

18. The allegations in Paragraph 18 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

19. The allegations in Paragraph 19 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

20. The allegations in Paragraph 20 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## SECOND CAUSE OF ACTION
(Strict Liability – Failure to Warn)

21. In response to Paragraph 21 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

///

22. The allegations in Paragraph 22 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

23. The allegations in Paragraph 23 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

24. The allegations in Paragraph 24 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**THIRD CAUSE OF ACTION**
(Negligent Manufacturing)

25. In response to Paragraph 25 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

26. The allegations in Paragraph 26 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

27. The allegations in Paragraph 27 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

28. The allegations in Paragraph 28 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**FOURTH CAUSE OF ACTION**
(Negligent Failure to Warn)

29. In response to Paragraph 29 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

30. The allegations in Paragraph 30 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

31. The allegations in Paragraph 31 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

32 The allegations in Paragraph 32 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**FIFTH CAUSE OF ACTION**
(Negligence Per Se)

33. In response to Paragraph 33 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

34. The allegations in Paragraph 34 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

35. The allegations in Paragraph 35 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

36. The allegations in Paragraph 36 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

37. The allegations in Paragraph 37 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

38. The allegations in Paragraph 38 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**SIXTH CAUSE OF ACTION**
(Breach of Implied Warranty)

39. In response to Paragraph 39 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

40. The allegations in Paragraph 40 are conclusions of law, and no answer is required. To the extent that the allegations in this paragraph are not conclusions of law, Defendants deny the allegations.

41. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

42. The allegations in Paragraph 42 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

43. The allegations in Paragraph 43 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

44. The allegations in Paragraph 44 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## SEVENTH CAUSE OF ACTION
(Breach of Express Warranty)

45. In response to Paragraph 45 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

46. The allegations in Paragraph 46 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

47. The allegations in Paragraph 47 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

48. The allegations in Paragraph 48 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## EIGHTH CAUSE OF ACTION
(Deceit by Concealment)

49. In response to Paragraph 49 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

50. The allegations in Paragraph 50 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

51. The allegations in Paragraph 51 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

52. The allegations in Paragraph 52 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

53. The allegations in Paragraph 53 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

/ / /

## NINTH CAUSE OF ACTION
(Negligent Misrepresentation)

54. In response to Paragraph 54 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

55. The allegations in Paragraph 55 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

56. The allegations in Paragraph 56 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

57. The allegations in Paragraph 57 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

58. The allegations in Paragraph 58 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

59. The allegations in Paragraph 59 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

60. (Plaintiff omits Paragraph 60 in his Complaint and continues at Paragraph 63).

61. (Plaintiff omits Paragraph 61 in his Complaint and continues at Paragraph 63).

62. (Plaintiff omits Paragraph 62 in his Complaint and continues at Paragraph 63).

63. The allegations in Paragraph 63 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiff's claims against Defendants in whole or in part.

3. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiff's claims against Defendants in whole or in part.

4. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bar Plaintiff's claims against Defendants in whole or in part.

5. Applicable statutes of limitations, statute of repose, and the doctrine of laches bar Plaintiff's claims in whole or in part.

6. Plaintiff's, or his agents', including his physicians', misuse or abnormal use of the product or failure to follow instructions bar Plaintiff's claims in whole or in part.

7. If Plaintiff used a product sold by Defendants, then Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

8. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

9. If Plaintiff sustained any damages or injuries, which is denied, then such damages and injuries were caused or contributed to by the acts, omissions, or fault of Plaintiff, including contributory negligence, contributory fault, comparative fault, assumption of the risk, or failure to mitigate damages.

10. If Plaintiff used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars the Plaintiff's claims.

11. The learned intermediary doctrine bars Plaintiff's claims.

12. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed, and labeled with proper warnings, information, cautions, and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

/ / /

13. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

14. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

15. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening, and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

16. If Plaintiff suffered injury or damage as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities, for which Defendants are neither liable nor responsible, or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others, such diseases, or such causes constitute an independent, intervening, and sole proximate cause of Plaintiff's alleged injury or damages.

17. Plaintiff is responsible, in whole or in part, for any injuries he suffered as a result of his own negligence, and his acts or omissions and his right to recover is diminished in an amount based upon his individual relative degree of fault.

18. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiff's own idiosyncratic reactions.

19. Plaintiff failed to mitigate damages, which limits Plaintiff's recovery, if any, in whole or in part.

20. Defendants have no legal relationship or privity with Plaintiff and owe no duty to Plaintiff by which liability could be attributed to it.

/ / /

21. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, whether express or implied, which Defendants deny, then Plaintiff failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

22. Plaintiff's claims are barred, in whole or in part, by Plaintiff's own comparative negligence.

23. If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

24. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to injuries or damages, if any, that Plaintiff may have suffered, if any.

25. The applicable state and federal law, including State Farm Mutual Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003), bars Plaintiff's alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the applicable due process guarantees of the California Constitution.

26. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause

of the United States Constitution, and the similar provisions of the California Constitution.

27. To the extent Plaintiff's Complaint seeks punitive damages, such claims are barred because Plaintiff has failed to allege conduct warranting the imposition of punitive damages under California and/or other applicable laws.

28. To the extent Plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

29. Plaintiff's claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than California.

30. Plaintiff's purported cause of action for alleged strict liability is barred by virtue of the ruling of the California Supreme Court in Brown v. Superior Court (1988) 44 Cal.3d 1049, and its progeny.

31. Plaintiff's action herein is for alleged personal injury damages, and is based upon principles of alleged comparative fault and, accordingly, pursuant to the provisions of California Civil Code Section 1431, et seq., any purported liability of Bard or Davol, which is denied, shall be several only, and shall not be joint; Bard and Davol request a judicial determination of the amount of non-economic damages, if any, allocated to Bard and Davol, in direct proportion to Bard and Davol's respective percentages of fault, which is denied, and a separate judgment in conformance therewith.

32. Plaintiff's claims for alleged fraud, which are denied by Bard and Davol, are, in whole or in part, barred based on lack of any detrimental reliance by Plaintiff.

33. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve their right to amend this Answer to assert such defenses.

**PRAYER**

1. Bard and Davol deny that they are responsible or liable for any alleged injuries or damages sustained by Plaintiff.

2. Bard and Davol deny that they are responsible or liable for any medical, surgical, hospital or incidental expenses allegedly incurred by Plaintiff.

3. Bard and Davol deny that they are responsible or liable for any lost earnings or earning capacity or related economic losses that Plaintiff alleges to have incurred as a result of the allegations contained in his Complaint.

4. Bard and Davol state that Plaintiff is not entitled to any damages for the sake of example or by way of punishing the Defendants.

5. Bard and Davol state that Plaintiff is not entitled to any judgment against Bard or Davol for any purported injury or harm sustained by him as outlined in his Complaint, therefore Bard and Davol cannot be responsible or liable for any pre-judgment interest.

6. Bard and Davol deny that they are responsible or liable for any attorney's fees or costs associated with Plaintiff's lawsuit.

7. Bard and Davol assert that Plaintiff is not entitled to any relief to any alleged injury or harm outlined in his Complaint. Further, Bard and Davol deny that they are responsible or liable for any relief that Plaintiff may seek through this lawsuit.

WHEREFORE, Defendants C.R. Bard, Inc. and Davol, Inc. demand judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

Dated: December 19, 2007

Respectfully submitted,

HASSARD BONNINGTON LLP

By /s/ Thomas M. Frieder
Thomas M. Frieder
Attorneys for defendant
C.R. BARD, INC. and defendant
DAVOL INC.

## JURY TRIAL DEMAND

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.

Dated: December 19, 2007

Respectfully submitted,

HASSARD BONNINGTON LLP

By /s/ Thomas M. Frieder
Thomas M. Frieder
Attorneys for defendant
C.R. BARD, INC.and defendant
DAVOL INC.

## PROOF OF SERVICE

Case Name: **Rocky Bland vs. C. R. Bard, Inc., Davol Inc., et al.**

Court: **United States District Court**
**Eastern District of California**

Case No.:

1. At the time of service I was over 18 years of age and not a party to this action.
2. My business address is Two Embarcadero Center, Suite 1800, San Francisco, CA 94111.
3. On **December 19, 2007**, I served the following documents:

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS C.R. BARD, INC. AND DAVOL INC. AND DEMAND FOR JURY TRIAL**

4. I served the documents on the **persons** below as follows:

Rodney A. Klein, Esq.
Lawrence S. Paikoff, Esq.
2300 Bell Executive Lane
Sacramento, CA 95825

5. The documents were served by the following means (specify):

____ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening. The time of service was _________.

_X_ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

____ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I placed the envelope package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

____ **By messenger service**. I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

____ **By fax transmission.** I faxed the documents to the persons at the fax numbers listed in item 4. No error was reported by the fax machine that I used.

____ **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: **December 19, 2007**

Esther Hom

Esther Hom